Judge Lane
delivered the opinion of the court;
The plaintiff shows a plain legal title to the premises, and is entitled to recover the possession, unless the defendant can retain it under a lease from Mrs. Hargraves, made whilst she was a married woman, such lease not being acknowledged nor accompanied with the fact of a separate examination. The defendant, not controverting the general proposition that the interests of a feme covert in lands can not be passed,in such forms, endeavors to retain the estate under this conveyance by the following reasoning: because, in a lease executed by husband and wife, the acceptance of rent by the wife after the death of the husband is an affirmation of the-lease that renders her liable on its covenants, consequently it is inferred that such leas© is voidable, not void, and valid until *340 avoided. Here no act of avoidance is shown, therefore the estate of the tenant is not determined.
We do not admit this conclusion. It is the policy of the law to regard a married woman’s contracts, except those made in certain prescribed forms, as absolutely void. The case put, 4 Bac. Ab. 14, presents no exception to the rule. The lease acquired efficacy by the payment of rent to the wife after the death of the husband, not because the acceptance secures as the confirmation of a voidable contract, but because it testifies her assent to an agreement when competent to contract. It is a ratification which supplies the deficiency of a pre-existing authority.
No such assent is shown in the present case: the estate of the defendant, therefore, terminated with the life of the husband. The motion for a new trial is overruled, and judgment entered for the plaintiff.